**Humberto Irra MENDIOLA,**
**Petitioner–Appellant,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent–**
**Appellee.**

**No. 06–55740.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed June 6, 2008.

Carlos A. Cruz, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner–Appellant.

Gwendolyn Millicent Gamble, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, ARCHER *,
and WARDLAW, Circuit Judges.

MEMORANDUM **

Humbert Irra Mendiola ("Mendiola") appeals the district court's dismissal of his Petition for Writ of Habeas Corpus. Mendiola asserts that the failure of the Immigration and Naturalization Service ("INS")[1] to notify his counsel of Mendiola's impending detention violated his due process rights.

---

* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. INS has since been abolished and its functions transferred to the Department of Homeland Security. To avoid confusion, INS is used throughout this disposition.

In order to prevail on a due process challenge to a deportation proceeding, the petitioner must show error and substantial prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000). Assuming, without deciding, that Mendiola was represented by counsel and that the failure to notify such counsel was a violation of Mendiola's due process rights, Mendiola failed to show the requisite prejudice.

Mendiola's argument that he was prejudiced because he was deprived of the opportunity to seek a stay of deportation lacks merit. In fact, Mendiola obtained a stay of removal by filing his fifth Petition for Review with this court on February 10, 2004, the day he was taken into custody. Additionally, there is nothing in the record suggesting Mendiola could not have sought a stay prior to this date, since he had done so on four prior occasions by filing Petitions for Review with this court. Mendiola's argument that he was prejudiced by being unable to proceed with his family petition and subsequent adjustment of status is similarly misplaced. Being taken into custody did not affect Mendiola's request for an alien relative visa. Mendiola's first family petition was denied prior to his detention due to Mendiola's failure to appear at his hearing. Mendiola's second family petition, filed after Mendiola had been taken into custody, was granted.

Finally, there is no support for Mendiola's assertion that his being taken into custody without advance notice prevented him from asking INS to join in a motion to reopen proceedings before the BIA. Nothing appears to have prevented Mendiola from asking INS to join a motion to reopen prior to his detention. Mendiola clearly was familiar with the various avenues available to challenge and delay his deportation, having filed a total of five Petitions for Review with this court and four Motions to Reopen with the BIA.

Because Mendiola failed to show that he was prejudiced by any purported violations of his due process rights, we affirm the district court's dismissal of his habeas petition.

**AFFIRMED.**

PREGERSON, Circuit Judge, dissenting:

This case is another example of the cruelty inflicted on immigrants by our nation's immigration laws. Here is a forty-five year-old man who has been living and working in this country for over twenty-one years. Humberto Irra Mendiola came to the United States as an agricultural worker in the 1980s. On October 7, 1991, he adjusted his status to that of lawful permanent resident. Aside from a single California guilty plea in 1992 for a "firearms offense," Mendiola has committed no crimes.[1] He has worked hard as a laborer to earn an honest living and to support his family.

On January 27, 1995, an Immigration Judge ("IJ") found Mendiola deportable as a result of his 1992 guilty plea and ordered him deported to Mexico. For the past thirteen years, Mendiola has been diligently trying to reopen his case with the Board of Immigration Appeals so that he may be permitted to remain in this country with his wife Eva and their three children: Guadalupe, age twenty-three; Humberto, Jr., age fourteen; and Samantha, age nine. Mendiola's wife, two daughters, and son are all United States citizens, and his extended family all live in the United States.[2]

---

1. Mendiola's conviction for Cal.Penal Code § 245(a)(2) was deemed a "firearms offense" under section 241(a)(2)(C) of the INA, 8 U.S.C. § 1251(a)(2)(C).

2. Eva and Guadalupe were born in Mexico.

Mendiola's loved ones will undoubtedly suffer severe emotional and economic hardship if Mendiola is removed from this country.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioner's] and give us humane laws that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).

They became United States citizens in 2003.